**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ISAI RAMIREZ MONTOYA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1870-KC** |
| | § | |
| **ERIKA ESTRADA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Isai Ramirez Montoya's Motion to Proceed In Forma Pauperis, ECF No. 1, and Petition for Writ of Habeas Corpus, ECF No. 1-1.

Ramirez Montoya previously filed a habeas petition, which this Court granted in part, ordering Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. June 9, 2026, Order 3–4, *Ramirez Montoya v. Estrada,* No. 3:26-cv-1488-KC (W.D. Tex. June 9, 2026), ECF No. 6. His bond was denied after an IJ found him to be a danger. Final J., *Ramirez Montoya v. Estrada,* No. 3:26-cv-1488-KC (W.D. Tex. June 17, 2026), ECF No. 9. In his new Petition, Ramirez Montoya asks that the Court review his case again, providing extensive information about himself and how he does not present a danger, and arguing that his detention has now become prolonged. Pet. 1–2, 6.

This Court "lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk [or danger] and therefore should be denied bond." *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citation omitted). In other words, whether the Court

agrees or not with the IJ's determinations regarding Ramirez Montoya's risk of flight or danger, it lacks the power to alter those determinations. Ramirez Montoya may seek further relief through the appropriate immigration channels.

Further, it does not appear that he is now subject to a final order of removal, which would trigger a new claim and a different reasonableness standard for prolonged detention. *See generally* Pet.; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, his Petition does not raise any claims at this time.

Accordingly, the Court **ORDERS** that Ramirez Montoya's Petition, ECF No. 1-1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 15th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE